UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RUSSELL PENDERGAST,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:16-cv-00552 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY HIS MOTION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED |

    The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Thus, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177, 1178 (9th Cir. 1999).

    The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller*, 314 F.2d at 600-01. In making a determination, the Court "must be careful to avoid construing the statute so narrowly that a

1

litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I. 1984).

Plaintiff attests that he is not employed and has not been employed for the past twelve months. (Doc. 1 at 1)  However, Plaintiff reports that his wife is employed and "earns $3500 a month." (*Id.*) He reports their monthly expenses include rent, transportation, utiltiies, student loans, medication, and groceries.  (*Id.*)  The income reported exceeds the expenses by more than $500 per month, and Plaintiff has $1,200 in a checking account.  (*Id.* at 1-2)

## ORDER

As noted above, Plaintiff has not demonstrated an inability to provide himself with life's necessities while still paying court costs.  Thus, the Court **ORDERS**:  Within 21 days, Plaintiff **SHALL** show cause in writing why his motion to proceed in forma pauperis should not be denied.

**<u>Plaintiff is advised that her failure to respond timely to this order will result in a recommendation that his motion to proceed in forma pauperis be denied.</u>**

IT IS SO ORDERED.

Dated:   **April 21, 2016**                              /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE