# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RUSSELL PENDERGAST, | Case No.: 1:16-cv-00552-JLT |
| Plaintiff, | ORDER GRANTING THE REQUEST FOR AN EXTENSION OF TIME |
| v. | (Doc. 20) |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | |
| Defendant. | |

On April 19, 2017, Defendant filed a stipulation of the parties to extend time for the Commissioner to file a response to Plaintiff's opening brief in the action. (Doc. 20) Notably, the Scheduling Order allows for a single extension of thirty days by the stipulation of the parties (Doc. 7 at 4), and this is the fourth extension requested by the parties—with three by Defendant alone related to responding to Plaintiff's opening brief. (*See* Docs. 12, 15, 16, 18)

Beyond the single extension permitted by the Scheduling Order, "requests to modify [the scheduling] order must be made by written motion and will be granted only for good cause." (Doc. 7 at 4) In addition, the parties were cautioned that requests for modification of the Court's schedule "will **not** routinely be granted." (*Id.*, emphasis in original) Despite the Court's order, Defendant failed to file a written motion for amending the scheduling order for an extension.

Notably, on April 18, 2018, Defendant's counsel was replaced by Jacob Mikow. (Doc. 19) In

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

the stipulation of the parties, Mr. Mikow explains that he is Mr. Chen's "direct supervisor," and the extension of time is needed "due to [the] recent change of counsel…, management re-assessing heavy workloads, and the expectation that a new counsel for Defendant will be assigned to this case in the near future." (Doc. 20 at 1)

On the other hand, the reassignment of the action occurred more than two weeks after the prior deadline ordered by the Court, of March 29, 2017. At that time, the parties were advised that "the Court contemplate[d] that no further extensions of time will be sought," and informed Defendant that failure to comply with the deadline would result in the matter being decided without any input by Defendant. (Doc. 18 at 2, emphasis omitted) The deadline passed without any response from Defendant until the filing of the stipulation. Nevertheless, because Plaintiff does not oppose the request for an additional extension, the request to continue the deadline until April 28, 2017 will be approved.

Accordingly, the Court **ORDERS**:

1. Defendant's request for a further extension of time is **GRANTED**;
2. Defendant **SHALL** file a response to the opening brief no later than **April 28, 2017**;
3. The parties are advised that **absolutely no further extensions of time will be entertained and any such requests will be summarily denied**; and
4. **If Defendant fails to file the responsive brief in compliance with this deadline as ordered by the Court, the matter WILL be decided without any input by Defendant**.

IT IS SO ORDERED.

Dated: **April 20, 2017**            **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE