UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RUSSELL PENDERGAST,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:16-cv-0552 JLT<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 29) |

Cyrus Safa, counsel for Plaintiff Adolfo Lugo, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 29) Neither Plaintiff nor the Commissioner of Social Security have opposed the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

**I.    Relevant Background**

In 2016, Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing. (Doc. 29-1 at 1) Plaintiff indicated that he agreed his was entitled to "25% of the backpay awarded upon reversal of the unfavorable ALJ decision for work before the court." (*Id.*, emphasis omitted) The agreement also indicated counsel may seek compensation under the Equal Access to Justice Act, and the amount awarded would be credited to Plaintiff. (*Id.*)

On April 19, 2016, Plaintiff filed a complaint for review of the administrative decision denying an application for Social Security benefits. (Doc. 1) The Court found the administrative law judge "failed to apply the proper legal standards" in evaluating the medical record. (Doc. 25 at 1, 14-17)

1   Thus, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. §
2   405(g) on July 17, 2017. (*Id.* at 18) Following the entry of judgment in favor of Plaintiff (Doc. 22), the
3   Court awarded $3,000.00 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 28 at 1)

4   Upon remand, the administration issued a partially favorable decision, finding Plaintiff was
5   entitled to $89,920.00 in past-due benefits. (Doc. 29-3 at 2) Mr. Safa reports that the Law Offices of
6   Lawrence D. Rohlfing "received an electronic message which included a Form SSA-1099 which
7   indicate[d] attorney fees in the amount of $22,4550.00." (Doc. 29 at 15, Safa Decl. ¶ 4)

8   Counsel filed the motion now before the Court on December 2, 2020, seeking approximately
9   10% of the past-due benefits, in the amount of $9,000.00. (Doc. 29 at 5) Mr. Safa also indicated he
10  would credit Plaintiff the amount of fees previously awarded under the EAJA. (*Id.* at 1) Plaintiff was
11  served with the motion and informed of the right to file a response to indicate whether he agreed or
12  disagreed with the requested fees within fourteen days. (*Id*. at 2, 17) Plaintiff has not opposed or
13  responded to the motion for fees. The Commissioner filed a response to the motion on December 3,
14  2020, indicating "[t]he Commissioner was not a party to the contingent-fee agreement between Counsel
15  and Plaintiff and therefore is not in a position to either assent to or object to the § 406(b) fees that
16  Counsel seeks from Plaintiff's past-due benefits." (Doc. 30 at 2)

17  **II.    Attorney Fees under § 406(b)**

18  An attorney may seek an award of fees for representation of a Social Security claimant who is
19  awarded benefits:

20  > Whenever a court renders a judgment favorable to a claimant under [42 USC § 401,
21  > *et seq*] who was represented before the court by an attorney, the court may determine
      and allow as part of its judgment a reasonable fee for such representation, not in
      excess of 25 percent of the total of the past-due benefits to which the claimant is
22  > entitled by reason of such judgment. . . .

23  42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b)
24  controls fees awarded for representation of Social Security claimants). A contingency fee agreement
25  is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807
26  ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they
27  provide for fees exceeding 25 percent of the past-due benefits.").
28  ///

### III.     Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 29-1 at 1) Counsel accepted the risk of loss in the representation and expended a total of 17.2 hours while representing Plaintiff before the District Court. (Doc. 29 at 5) Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a favorable decision. For this, Mr. Safa requests a fee of $9,000, which is approximately 10.1% of the past-due benefits owed. (Doc. 29 at 6) Because counsel intends to refund the $3,000.00 that was previously paid under the EAJA, the net cost to Plaintiff is $6,000. (*See id.* at 13) Finally, although served with the motion and informed of the right to oppose the fee request (*id.* at 17), Plaintiff did not file oppose the request and thereby indicates an implicit belief that the total amount requested for attorney fees is reasonable

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct. Plaintiff was able to secure a remand for payment of benefits following the appeal, including an award of past-due benefits. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b) or the amount agreed upon by counsel and Plaintiff. (*See* Doc. 29-1 at 1)

### IV.     Conclusion and Order

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Mr. Safa and the Law Offices of Lawrence D. Rohlfing are reasonable. Accordingly, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $9,000.00 is **GRANTED**;
2. The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence D. Rohlfing; and
3. Counsel **SHALL** refund $3,000.00 to Plaintiff Bryan Russell Pendergast.

IT IS SO ORDERED.

Dated:   **December 22, 2020**            /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE